# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        v.                              **CASE NO. 6:23-cr-10023-JWB-1-2**

**ADONIS WADE FREEMAN, and**
**KRISTIE GRIFFITH,**

        **Defendants.**

# SECOND SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES**:

## COUNT 1

**POSSESSION WITH INTENT TO DISTRIBUTE**
**[21 U.S.C. § 841(a)(1)]**

On or about December 18, 2022, in the District of Kansas, the defendant,

**ADONIS WADE FREEMAN,**

knowingly and intentionally possessed with intent to distribute 40 grams and more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi).

## COUNT 2

### POSSESSION OF A FIREARM BY A PROHIBITED PERSON
### [18 U.S.C. § 922(g)(1)]

On or about March 1, 2023, in the District of Kansas, the defendant,

### ADONIS WADE FREEMAN,

knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, that is, a Ruger, Model EC9S, 9mm caliber pistol, said firearm having been shipped and transported in interstate commerce.

All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT 3

### POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME
### [18 U.S.C. § 924(c)(1)(A)]

On or about March 1, 2023, in the District of Kansas, the defendant,

### ADONIS WADE FREEMAN,

did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute a controlled substance and distribution of a controlled substance.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 4

**POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE**
**[21 U.S.C. § 841(a)(1)]**

On or about March 1, 2023, in the District of Kansas, the defendant,

**ADONIS WADE FREEMAN,**

knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 5

**MONEY LAUNDERING**
**[18 U.S.C. § 1956(a)(1)(B)(i)]**

On or about June 20, 2022, in the District of Kansas, and elsewhere, the defendant,

**ADONIS WADE FREEMAN,**

did knowingly and willfully conduct a financial transaction affecting interstate commerce, that is, defendant **ADONIS WADE FREEMAN** transferred and caused the transfer of $20,000.00 United States currency to J.D. to pay for a custom made diamond pendant and necklace, which involved the proceeds of a specified unlawful activity, that is, distribution of a controlled substance, attempted distribution of a controlled substance, conspiracy to distribute a controlled substance, in violation of Title 21, United States Code, Sections 841 and 846, knowing that the specified transaction was designed, in whole and in part, to conceal and disguise the nature, source and ownership of the proceeds of said specified unlawful activity, and, that while conducting this transaction and causing it to be

3

conducted, defendant **ADONIS WADE FREEMAN** knew that all and part of the property involved in this financial transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNTS 6 - 14

**MONEY LAUNDERING**
**[18 U.S.C. § 1956(a)(1)(B)(i)]**

On or about the dates specified below, in the District of Kansas, the defendant,

**ADONIS WADE FREEMAN,**

did knowingly and willfully conduct a financial transaction affecting interstate commerce, that is, defendant **ADONIS WADE FREEMAN** withdrew money from his Emprise Bank account, no. XXX8019, transferring the funds to the accounts of PETRA and Wichita Rentals, the property managers, in the amounts specified below, which involved the proceeds of a specified unlawful activity, that is, distribution of a controlled substance, attempted distribution of a controlled substance, conspiracy to distribute a controlled substance, in violation of Title 21, United States Code, Sections 841 and 846, knowing that the specified transaction was designed, in whole and in part, to conceal and disguise the nature, source and ownership of the proceeds of said specified unlawful activity, and, that while conducting this transaction and causing it to be conducted, defendant **ADONIS WADE FREEMAN** knew that all and part of the property involved in this financial transaction represented the proceeds of some form of unlawful activity,

| Count | Approx. Date | Amount of Transaction |
|-------|--------------|----------------------|
| 6 | April 13, 2022 | $1,204.99 |
| 7 | May 2, 2022 | $1,204.99 |
| 8 | June 2, 2022 | $1,204.99 |
| 9 | July 5, 2022 | $1,204.99 |
| 10 | August 8, 2022 | $1,204.99 |
| 11 | October 4, 2022 | $1,265.49 |
| 12 | November 4, 2022 | $1,204.99 |
| 13 | December 5, 2022 | $1,204.99 |
| 14 | January 4, 2023 | $1,204.99 |

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT 15

**MONEY LAUNDERING CONSPIRACY**
**[18 U.S.C. § 1956(h)]**

Beginning on a date unknown to the grand jury but as early as April 1, 2022, and continuing through on or about April 30, 2023, in the District of Kansas, and elsewhere, the defendants,

**ADONIS WADE FREEMAN, and**
**KRISTIE GRIFFITH,**

did knowingly and willfully combine, conspire and agree with each other and others known and unknown to the grand jury to commit offenses against the United States in violation of Title 18, United States Code, Sections 1956 and 2, that is,

5

(a) to knowingly attempt to conduct, conduct and cause to be conducted a financial transaction affecting interstate commerce involving property known to be proceeds of specified unlawful activity, that is, distribution, attempted distribution and conspiracy to distribute a controlled substance, in violation of Title 21, United States Code, Sections 841 and 846, knowing the transaction was designed, in whole and in part, to conceal and disguise the nature, source and ownership of the proceeds of specified unlawful activity, and, while attempting to conduct, conducting and causing the transaction to be conducted, the defendants knew that all and part of the property involved in this financial transaction represented the proceeds of some form of unlawful activity, and

(b) to knowingly attempt to conduct, and cause to be conducted a financial transaction affecting interstate commerce involving property known to be proceeds of specified unlawful activity, that is, distribution, attempted distribution and conspiracy to distribute a controlled substance, in violation of Title 21, United States Code, Section 841 and 846, with the intent to promote the carrying on of specified unlawful activity, and while attempting to conduct, conducting and causing the transaction to be conducted, the defendants knew that all and part of the property involved in this financial transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(h) and 2.

# COUNT 16

### USING OR MAINTAINING DRUG PREMISES
### [21 U.S.C. § 856(a)(1)]

Beginning on or about December 23, 2022, and continuing through on or about March 1, 2023, in the District of Kansas, the defendants,

**ADONIS WADE FREEMAN, and
KRISTIE GRIFFITH,**

did unlawfully and knowingly lease, rent, use and maintain a place located at 2524 S. Spring Hollow St. in Wichita, Kansas, permanently and temporarily, for the purpose of distributing and using a controlled substance, that is, fentanyl.

In violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2.

A TRUE BILL.

July 11, 2023                              s/Foreperson
DATE                                       FOREPERSON OF THE GRAND JURY


KATE E. BRUBACHER
UNITED STATES ATTORNEY

By: /s/ Debra L. Barnett
DEBRA L. BARNETT
Assistant United States Attorney
District of Kansas
301 N. Main, Suite 1200
Wichita, Kansas  67202
Ph: (316) 269-6481
Fax: (316) 269-6484
Email: debra.barnett@usdoj.gov
Ks. S. Ct. No. 12729

| |
|---|
| IT IS REQUESTED THAT THE TRIAL BE HELD IN WICHITA, KANSAS |

## PENALTIES

### Count 1 [841(b)(1)(B)]

- Punishable by a term of imprisonment of not less than five (5) years and no more than forty (40) years.  21 U.S.C. § 841(b)(1)(B).

- A term of supervised release of at least four (4) years.  21 U.S.C. § 841(b)(1)(B).

- A fine not to exceed $5 million.  21 U.S.C. § 841(b)(1)(B).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than ten (10) years and no more than life.  21 U.S.C. § 841(b)(1)(B).

- A term of supervised release of at least eight (8) years.  21 U.S.C. § 841(b)(1)(B).

- A fine not to exceed $8 million.  21 U.S.C. § 841(b)(1)(B).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

### Count 2 [Felon-in-possession of a firearm]

- Punishable by a term of imprisonment of not more than fifteen (15) years.  18 U.S.C. § 924(a)(8).

- A term of supervised release of not more than three (3) years.  18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

9

**Count 3 [924(c) - possession]**

- Punishable by a term of imprisonment of not less than five (5) years and no more than life. 18 U.S.C. § 924(c)(1)(A)(i). This term of imprisonment runs consecutive to any other term of imprisonment imposed on the defendant. 18 U.S.C. § 924(c)(1)(D)(ii). If the defendant has a prior conviction for a violation of § 924(c)(1)(A), the instant offense is punishable by a term of imprisonment of not less than twenty-five (25) years and not more than life. 18 U.S.C. § 924(c)(1)(C)(i).

- A term of supervised release of not more than five (5) years. 18 U.S.C. § 3583(b)(1).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**Count 4 [841(b)(1)(C)]**

- Punishable by a term of imprisonment of not more than 20 years. 21 U.S.C. § 841(b)(1)(C).

- A term of supervised release of at least three (3) years. 21 U.S.C. § 841(b)(1)(C).

- A fine not to exceed $1 million. 21 U.S.C. § 841(b)(1)(C).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after a prior conviction for a felony drug offense has become final, the penalties are:

- A term of imprisonment of not more than 30 years. 21 U.S.C. § 841(b)(1)(C).

- A term of supervised release of at least six (6) years. 21 U.S.C. § 841(b)(1)(C).

- A fine not to exceed $2 million. 21 U.S.C. § 841(b)(1)(C).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

## Counts 5 - 15 [Money Laundering and Money Laundering Conspiracy]

- Punishable by a term of imprisonment of not more than twenty (20) years. 18 U.S.C. § 1956(a)(1).

- A term of supervised release of not more than five (5) years.  18 U.S.C. § 3583(b)(1).

- A fine not to exceed $500,000.  18 U.S.C. § 1956(a)(1).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

## Count 16 [Maintaining Drug Premises]

- Punishable by a term of imprisonment of not more than twenty (20) years.  21 U.S.C. § 856(b).

- A term of supervised release of not more than three (3) years.  18 U.S.C. § 3583(b)(1).

- A fine not to exceed $500,000.  21 U.S.C. § 856(b).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.